IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| R. SCOTT APPLING,<br>    Appellant,<br><br>    v.<br><br>LAMAR, ARCHER & COFRIN, LLP,<br>    Appellee. | CIVIL ACTION NO.<br><br>3:15-CV-031 |

On Appeal from the United States Bankruptcy Court
For the Middle District of Georgia – Athens Division
Chapter 7 Proceeding No. 13-30083-JPS
Adversary Proceeding No. 13-3042

_____

### REPLY BRIEF OF APPELLANT

Daniel L. Wilder
Attorney for Appellant R. Scott Appling
Emmett L. Goodman, Jr. LLC
544 Mulberry Street, Suite 800
Macon, Georgia 31201
Tel. (478) 745-5415
Fax (478) 746-8655
dwilder@goodmanlaw.org

# TABLE OF CONTENTS

| | |
|---|---|
| Supplemental Table of Authorities | ii |
| Argument | 1 |
| Conclusion | 5 |
| Certificate of Service | 6 |

## **SUPPLEMENTAL TABLE OF AUTHORITIES**

*Caselaw*

| | |
|---|---|
| Allison v. Roberts, 960 F.2d 481 (5th Cir. 1992) | 2 |
| In re Chase, 372 BR 133 (Bankr. S.D.NY 2007) | 1 |
| Chevy Chase Bank v. Briese, 196 Br. 440, 449 (Bankr. W.D. Wis. 1996) | 4 |
| In re Delong, 2014 WL 4059790 (Bankr. N.D.Ga. 2014) (Sacca, J.). | 1 |
| Field v. Mans, 516 US 59, 61, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995) | 3 |
| In re Greenidge, 75 B.R. 245 (Bankr. M.D.Ga. 1987) (Laney, J.) | 1 |
| In re Hill, 425 B.R. 766 (Bankr. W.D. N.C. 2010) | *passim* |
| In re Husman, 2013 WL 5134539 (Bankr. W.D.Pa. 2013) | 1 |
| In re St. Laurent, 991 F.2d 672, 676 (11th Cir. 1993) | 5 |
| In re Sasse, 438 B.R. 631 (Bankr. W.D. Wis. 2010) | 4, 5 |
| In re Sharp, 340 Fed.Appx. 899, 903 (4th Cir. 1999) | 3 |
| Strum v. Exxon Co., 15 F.3d 327, 331 (4th Cir. 1994) | 2 |

*Statutes and Rules*

| | |
|---|---|
| 11 U.S.C. § 109(h) | 2 |
| 11 U.S.C. § 523(a)(2) | 1, 2, 6 |
| 11 U.S.C. 523(d). | 5 |

**SUPPLEMENTAL ARGUMENT AND CITATION OF AUTHORITY**

I.

ADDITIONAL PERSUASIVE CASELAW SUPPORTS THE POSITION THAT THE BANKRUPTCY COURT ERRED IN DETERMINING THAT LAMAR, ARCHER & COFRIN, LLP HAS A NON-DISCHARGEABLE CLAIM AGAINST R. SCOTT APPLING.

In response to Appellant's Brief, Appellee filed a brief that by and large seeks to distinguish Appellant's cited caselaw on the particular facts of each case while containing minimal citations to caselaw supporting its own view. See, for example, Appellee's Brief at 25 (distinguishing In re Delong, 2014 WL 4059790 (Bankr. N.D.Ga. 2014) (Sacca, J.)) at 26 (distinguishing both In re Chase, 372 BR 133 (Bankr. S.D.NY 2007) and In re Husman, 2013 WL 5134539 (Bankr. W.D.Pa. 2013) in a single paragraph), and at 28 (distinguishing In re Greenidge, 75 B.R. 245 (Bankr. M.D.Ga. 1987) (Laney, J.)) none of which cite opposing cases.  With the knowledge that both briefs will be reviewed by the Court, Appellant does not repeat herein the arguments made in his original brief.

    1.  *On All Fours* - In re Hill, 425 B.R. 766 (Bankr. W.D. N.C. 2010)

In furtherance of the arguments advanced in Appellant's Brief, however, additional, persuasive caselaw sheds light on the matter at hand with a case almost on point to the current matter.  Appellant would thus direct the Court's attention to In re Hill, 425 B.R. 766 (Bank. W.D. N.C. 2010).  In Hill, a law firm defended the debtor in a pre-petition breach of contract suit. After the debtor filed bankruptcy, the firm filed a non-dischargeability action for attorney fees under 11 U.S.C. § 523(a)(2). 425 B.R. at 769.[1]  "The Firm maintains the Hills induced it to continue the representation through false assurance of payment." Id.  During the course of the pre-petition representation, the debtor complained about the costs of the proceeding and

---

[1] The firm in Hill also pursued the debtor's wife on an agency theory.  The action against the wife was dismissed on directed verdict.  Lamar did not proceed against Appling's wife in this dischargeability action.

1

advised of financial strain. Id. at 770.  An email from the debtor said that refinancing his house was the only option left to pay the bill.  Withdrawal from the representation due to non-payment was discussed. Id.  Finally, debtor, without advising the firm, completed his Certificate of Credit Counseling, an immediate prerequisite to bankruptcy filing under 11 U.S.C. § 109(h), on the same day that the firm offered to have him sign a promissory note and deed on his house to secure the fees. Id. at 771.  The debtor filed bankruptcy; the firm filed a challenge to the dischargeability of its debt.  Hill is thus an attorney fee dispute case involving the promise of a future act where the firm alleged that it continued representation due to the alleged misrepresentation.  The fact pattern is on all fours with Appling.

Turning to the first element of proof under 11 U.S.C. § 523(a)(2), the Hill court first found that there was no fraudulent misrepresentation. 425 B.R. at 775-776. See, Appellant's Brief, Argument, Parts I and III. Citing Allison v. Roberts, 960 F.2d 481 (5th Cir. 1992), also cited in Appellant's brief, for the proposition that a promise to perform acts in the future does not qualify as a misrepresentation even if there is a breach and Strum v. Exxon Co., 15 F.3d 327, 331 (4th Cir. 1994) for the proposition that even an intentional breach of contract is not fraud, the court found that the evidence suggests that the debtor "had every intention of paying for the Firm's legal services once he acquired a means of payment." 425 B.R. at 775.

> [Debtor's] belief may have been overly optimistic, but such optimism is common among people facing financial difficulty.  However, unrealistic [Debtor's] intention appears earnestly held.  In any event, [Debtor] was forthright with the Firm about his lack of present resources and the need to utilize other options to pay the Firm's bill.

425 B.R. at 775-776.  Looking specifically at the concealment of the Certificate of Financial Counseling as a representation of omission, the Hill court again considered it insufficient. At this point, the court further indicated that, "Even if this was a misrepresentation by omission,

at most, only the fees incurred after this point would be non-dischargeable." 425 B.R. 776 at fn. 5.

Turning to the element of reliance, addressed in Appellant's Brief, Argument, Part IV, the Hill Court cited Field v. Mans, 516 US 59, 61, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995) and a related 4th Circuit opinion, In re Sharp, 340 Fed.Appx. 899, 903 (4th Cir. 1999) and discussed the Firm's limited duty to investigate misrepresentations.

> Here, the Firm argues that it justifiably relied upon [Debtor's] statements of payment. The Court finds otherwise. The Firm was a sophisticated party that was told on a regular basis by a client that its prospects for payment were continuing to diminish. [Debtor] even went so far as to ask the Firm whether it would withdraw due to the [Debtor's] lack of financial resources. Despite these obvious warning flags, the Firm continued its representation and thereby gambled future services against the prospect of being paid.

425 B.R. at 777.

The parallels to the instant Appling case are apparent. Lamar's essential claim as the same as the Firm in the Hill case - that the law firm kept working after Appling promised payment from a tax refund. (R3-216-217). Appling, relying on a back-of-the-envelope calculation from his accountant about an amended tax return not yet completed or filed, said that he made no promise but did state that the tax refund was not completed yet and, if he got all of the money that he was hoping for, there should be enough money to cover the bill. (R3-304, 306, 308). Just like the debtor in Hill, Appling's belief about the amount of the tax refund may have been overly optimistic or the accountant that gave him information may have just made a mistake or have been incorrect.

In any event, Appling was forthright with Lamar about his finances. Lamar had full knowledge of Appling's finances by virtue of the pre-petition case involving Appling's finances and Lamar's obtaining financial statements from various experts. (R3-243-244, R6,

R7).  Lamar had more knowledge of Appling's finances than did the firm in Hill as it had not just information coming from the debtor but actual objective evidence it had gathered itself during the course of the representation.  Lamar was certainly sophisticated and gambled its fees on the possibility of a high-dollar tax refund.  Notably, Lamar was not working for free; it had already been paid a substantial portion of its fees. (R4-40).  Yet, despite the evidence, Lamar blindly "just believed his client." (R3-101).

Also, as the Hill court points out in a footnote, it is inconceivable that Lamar could be awarded more damages than the amount of his fees incurred post-alleged misrepresentation. Yet that is what the Bankruptcy Court here did below in declaring the entire debt non-dischargeable. See Appellant's Brief, Argument, Part V. The uncontroverted evidence shows that Lamar received more money in payments from Appling that fees charged after the alleged misrepresentations were made. (R4-40).  There are no damages as a matter of law.  Hill stands for the proposition that Appling wins.

    *2.  Popeye and Wimpy on Future Fraud*

Another Bankruptcy Court has borrowed an apt cartoon character analogy to the problem of deciding what a fraudulent representation is in the context of future acts.  See, Chevy Chase Bank v. Briese, 196 Br. 440, 449 (Bankr. W.D. Wis. 1996).  That observation was subsequently applied to an attorney fee case by the originating court.  "While Wimpy always promised to pay on Tuesday for a hamburger today, Wimpy is not guilty of fraud because he doesn't have the money when Tuesday rolls around.  A finding of fraud requires evidence that he acted with intent to deceive when he made the promise – that when he told Popeye he would repay the loan, he never actually intended to fork over the cash." In re Sasse, 438 B.R. 631 (Bankr. W.D. Wis. 2010).  In Sasse, the firm continued to work for debtor

4

despite non-payment and alleged that the debtor "fraudulently induced [the firm] to continue [the firm's] representation in the state court lawsuit" and it "justifiably relied upon the debtor's promise not to file bankruptcy." 438 B.R. at 637. Applying the analogy to the facts in that case, the Sasse court found no fraudulent misrepresentation and then proceeded to say that there could be no justifiable reliance anyway since the attorney just blindly believed the debtor when he was on notice of the debtor's financial difficulty early in the representation. 438 B.R. at 650. The court there was so unimpressed with the firm's claim that it even awarded attorney's fees to the debtor under 11 U.S.C. 523(d). Id. Similarly, in the instant Appling case, Lamar repeatedly testified that he just relied on his client. (R3-101). That blind reliance was similarly unjustified just as it was in Sasse. Again, the caselaw does not support Lamar's claim.

### Conclusion

To prevail on a claim under 11 U.S. C. § 523(a)(2)(A), Plaintiff must prove: (1) the debtor made a false representation of a past or current material fact; (2) with the intent to deceive the creditor; (3) the creditor justifiably relied upon the representation; and (4) the creditor sustained loss as a proximate result of the representation. See In re St. Laurent, 991 F.2d 672, 676 (11th Cir. 1993). Lamar cannot prevail in proving the elements of the action as set forth in Appellant's original brief. Furthermore, in a case on all fours with the present case, persuasive authority indicates that Lamar's claim cannot and should not succeed. See, In re Hill, 425 B.R. 766 (Bankr. W.D. N.C. 2010). The decision of the bankruptcy court in Appling is an outlier. This Court should reverse the decision of the Bankruptcy Court and enter a judgment in favor of Appling discharging the debt owed to Lamar.

Respectfully submitted this 20th day of July, 2015.

>   */s/ Daniel L. Wilder*
>   Daniel L. Wilder
>   State Bar No. 141448
>   Attorney for Appellant
>   R. Scott Appling

EMMETT L. GOODMAN, JR. LLC
544 Mulberry Street, Suite 800
Macon, Georgia 31201
Telephone:  (478) 745-5415
Facsimile:  (478) 746-8655

CERTIFICATE OF SERVICE

I, hereby certify that, on July 20, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Mr. David W. Davenport, 50 Hurt Plaza, Suite 900, Atlanta, GA 30303-2933, and I hereby certify that I have mailed by United States Postal Service the document and a copy of the Notice of Electronic Filing to the following non-CM/CEF participants: n/a.

Respectfully submitted this 20th day of July, 2015.

/s/ Daniel L. Wilder
Attorney for Appellant
State Bar No. 141448
544 Mulberry Street
Suite 800
Macon, Georgia 31201
Telephone:  (478) 745-5415
Facsimile:  (478) 746-8655
E-mail: dwilder@goodmanlaw.org